UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAELA ALDACO, | ) |
|     *Plaintiff*, | ) Civil Action |
| | ) |
| v. | ) Case No. |
| | ) |
| RENTGROW, INC. d/b/a Yardi Resident Screening, | ) Hon. |
| | ) Assigned District Judge |
| | ) |
| | ) Hon. |
|     *Defendant*. | ) Assigned Magistrate Judge |

## COMPLAINT

1. This is an action for damages brought by Rafaela Aldaco against RentGrow, Inc. for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## *The* PARTIES

2. Plaintiff Rafaela Aldaco ("Ms. Aldaco") is an adult individual residing in the Northern District of Illinois. Ms. Aldaco is a single mother of two children.

3. Defendant RentGrow, Inc. d/b/a Yardi Resident Screening (hereafter "RentGrow") is a consumer reporting agency doing business in the Northern District of Illinois, with its headquarters located at 307 Waverly Oaks Road, Suite 301, Waltham, MA 02452.

4. Upon information and belief, RentGrow maintains a database of information about consumers, including criminal records and other consumer information, and provides tenant screening reports to landlords and apartment management companies throughout the District.

5. Upon information and belief, RentGrow obtains the information in its database from third-party data providers.

**JURISDICTION *and* VENUE**

6. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(2) as this is the district in which a substantial part of the events or omissions giving rise to Ms. Aldaco's claim occurred.

**FACTUAL ALLEGATIONS**

8. In 1996, when Ms. Aldaco was 18 years old, she was involved in an altercation with her then-boyfriend.

9. On December 17, 1996, as a result of the above-referenced altercation, Ms. Aldaco was given five days of community service and six months of court supervision.

10. On June 17, 1997, Ms. Aldaco successfully completed her court supervision and the court discharged the supervision term.

11. In January of 2016, almost 20 years later, Ms. Aldaco stood on the verge of entering a new chapter in her life. After years of struggling to make ends meet for herself and her family, she was accepted into a two-year transitional housing program for single mothers in danger of homelessness run by Fellowship Housing Corporation ("Fellowship"), a non-profit organization based in Hoffman Estates, Illinois.

12. The Fellowship program is a two-year transitional housing program for single mothers and their children that provides housing placement, rental assistance, budgeting training, and debt repayment matching for its participants.

13. To participate in Fellowship's program, applicants must undergo a criminal records background check. Fellowship requested a background report on Ms. Aldaco—which report did not contain any criminal background information—and accepted her into the program.

14. Fellowship houses its participating families in one of two apartment buildings in the greater Hoffman Estates, Illinois area. In Ms. Aldaco's case, an apartment in one of the buildings had become available and Fellowship planned to place her there.

15. On January 12, 2016, having packed all of her possessions into a moving truck the day before, Ms. Aldaco arrived at the apartment building with her Fellowship caseworker to move into her new home.

16. The apartment building manager requested that Ms. Aldaco—at her expense—submit to an additional criminal background check to be conducted by a firm of the apartment building's choosing.

17. The apartment building management obtained the report from RentGrow.

18. RentGrow's report contained obsolete information pertaining to Ms. Aldaco's 1996 court supervision (the "Information"), which RentGrow communicated to the apartment building management.

19. Upon receipt of RentGrow's report containing the Information, the apartment building management refused to lease to Ms. Aldaco.

20. Having been denied a lease at the apartment building, Ms. Aldaco was forced to find temporary storage for her belongings, was unable to participate in Fellowship's program, and, most painful of all, required to inform her youngest child of the news that they were not going to be moving into permanent housing as planned.

21. On or about January 12, 2016, Ms. Aldaco disputed the Information with RentGrow by e-mail, informing RentGrow that the Information was inaccurate.

22. On or about January 18, 2016, one Jayme Yellin, on behalf of RentGrow, responded to Ms. Aldaco's dispute, in relevant part, as follows:

> You previously contacted Yardi Resident Screening ("YRS") to dispute information contained in your tenant screening report ("TSR"). YRS submbed your dispute either to the credit reporting agency (such as Experian®, Equifax® or TransUnion®) or other consumer reporting agency ("CRA") that provided YRS with the information you disputed.
>
> The CRA recently completed its investigation of your dispute and determined that the information was reported accurately. This means YRS cannot modify or remove the information you disputed from your TSR. If you still question an item then you may want to contact the CRA directly, in this instance backgroundchecks.com whose phone number is (866)265-6602, or review the original information in the public record.

23. As of the date of this Complaint, Ms. Aldaco has been unable to secure permanent, independent housing for herself and her minor child.

24. Due to RentGrow's inadequate procedures, it negligently, or in the alternative, wilfully maintained the Information in Ms. Aldaco's background report.

25. Due to RentGrow's inadequate procedures, it prepared a tenant screening report about Ms. Aldaco that contained obsolete criminal records information that is outdated and unreportable.

26. RentGrow reported the Information to the apartment building management.

27. At all times pertinent hereto, RentGrow was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the RentGrow.

28. At all times pertinent hereto, the conduct of the RentGrow, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and Ms. Aldaco's rights.

29. As a result of RentGrow's conduct, Ms. Aldaco suffered actual damages, without limitation, as follows:

    A. Denial of housing;

4

B. Moving costs;

C. Lost wages due to lost time at work;

D. Lost opportunities to participate in Fellowship's programming;

E. Lost opportunities to build relationships and obtain support and coaching from other mothers who have and art currently participating in Fellowship's programming;

F. Lost opportunities to obtain debt matching payments from Fellowship; and

G. Emotional distress.

## FIRST CLAIM *for* RELIEF
## *for* VIOLATIONS *of the* FAIR CREDIT REPORTING ACT
*Against RentGrow, Inc., d/b/a Yardi Resident Screening*

30. Ms. Aldaco incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. At all times pertinent hereto, RentGrow was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

32. At all times pertinent hereto, Ms. Aldaco was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

33. At all times pertinent hereto, the tenant screening reports provided by RentGrow were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

34. At all times pertinent hereto, Ms. Aldaco's 1996 court supervision was not a "conviction" under Illinois law. *See* 20 ILCS 2630/5.2(a)(1)(C).

35. Although consumer reporting agencies may report "convictions of crimes" indefinitely under the FCRA, because the Information is not a "conviction," it may no longer be reported after seven years after June 17, 1997, the date the order of supervision was discharged.

5

15 U.S.C. § 1681c(a)(5).

36. The FCRA prohibited reporting the Information after June 17, 2004.

37. RentGrow violated the FCRA when it negligently, or in the alternative, willfully failed to follow reasonable procedures to prevent the maintenance of the Information in its files after December 18, 2004.

38. RentGrow violated the FCRA when it negligently, or in the alternative, willfully maintained the Information in its files and communicated same to the apartment building management on January 12, 2016, more than 11 years after it became obsolete.

39. RentGrow violated the FCRA when it negligently, or in the alternative, willfully failed to conduct a reasonable reinvestigation of the Information after Ms. Aldaco's disputation thereof.

40. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, RentGrow is liable to Ms. Aldaco for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

41. The conduct of RentGrow was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Ms. Aldaco alleged above and, as a result, RentGrow is liable to Ms. Aldaco for the full amount of statutory damages, for actual damages, and for punitive damages, along with the attorneys' fees and the costs of this litigation, as well as such further relief as permitted by law.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the RentGrow, based on the following requested relief:

    A. Actual damages in an amount to be determined at trial;

    B. Statutory damages of $1,000.00;

  C. Punitive damages in an amount to be determined at trial;

  D. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and

  E. Such other and further relief as may be necessary, just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DATED: May 31, 2016        Respectfully submitted,

                ZAMPARO LAW GROUP, P.C.

                */s/Jordan M. Sartell*
                Roger Zamparo, Jr.
                Jordan M. Sartell
                Hannah V. Garst
                2300 Barrington Road, Suite 140
                Hoffman Estates, IL 60169
                (224) 875-3202 (t)
                (312) 276-4950 (f)
                roger@zamparolaw.com
                jordan@zamparolaw.com
                hannah@zamparolaw.com

                *Attorneys for Plaintiff*