**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RAFAELA ALDACO, )<br>)<br>) | |
|       Plaintiff, ) | Case No. 1:16-cv-05754 |
|       v. )<br>) | The Honorable Joan H. Lefkow |
| RENTGROW, INC. d/b/a Yardi Resident )<br>Screening, )<br>) | |
|       Defendants. )<br>)<br>) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant RentGrow, Inc. d/b/a Yardi Resident Screening ("Defendant"), by its

undersigned attorneys, submits the following Answer to Rafaela Aldaco's ("Plaintiff")

Complaint:

**INTRODUCTION**

1.      This is an action for damages brought by Rafaela Aldaco against RentGrow, Inc.

for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, et seq.

**ANSWER:** Defendant admits that this paragraph accurately describes Plaintiff's causes

of action against Defendant. Defendant denies the allegations of those causes of action, as set

forth below.

***The* PARTIES**

2.      Plaintiff Rafaela Aldaco ("Ms. Aldaco") is an adult individual residing in the

Northern District of Illinois. Ms. Aldaco is a single mother of two children.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in paragraph 2.

1

3.    Defendant RentGrow, Inc. d/b/a Yardi Resident Screening (hereafter "RentGrow") is a consumer reporting agency doing business in the Northern District of Illinois, with its headquarters located at 307 Waverly Oaks Road, Suite 301, Waltham, MA 02452.

**ANSWER:**  Defendant admits that it is a corporation doing business in the Northern

District of Illinois and that the location of its headquarters is accurately described above.

Defendant denies that it is a "consumer reporting agency," in part because it lacks knowledge or

information sufficient to form a belief regarding the meaning of that term as used in paragraph 3.

4.    Upon information and belief, RentGrow maintains a database of information about consumers, including criminal records and other consumer information, and provides tenant screening reports to landlords and apartment management companies throughout the District.

**ANSWER:**  Defendant admits that it provides reports regarding potential tenants to

landlords and apartment management companies in the Northern District of Illinois.  Defendant

further admits that its reports include both criminal background and financial information.

Defendant denies the remainder of paragraph 4.

5.    Upon information and belief, RentGrow obtains the information in its database from third-party data providers.

**ANSWER:**  Defendant admits that it receives information from third parties in order to

generate reports.  Defendant denies the remainder of paragraph 4.

## JURISDICTION *and* VENUE

6.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**ANSWER:**  Defendant admits that jurisdiction is proper in this Court.

7.    Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b)(2) as this is the district in which a substantial part of the events or omissions giving rise to Ms. Aldaco's claim occurred.

**ANSWER:**    Defendant admits that venue is proper in this Court.  Defendant denies the

remaining allegations in paragraph 7.

2

## FACTUAL ALLEGATIONS

8.      In 1996, when Ms. Aldaco was 18 years old, she was involved in an altercation with her then-boyfriend.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

9.      On December 17, 1996, as a result of the above-referenced altercation, Ms. Aldaco was given five days of community service and six months of court supervision.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

10.     On June 17, 1997, Ms. Aldaco successfully completed her court supervision and the court discharged the supervision term.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10.

11.     In January of 2016, almost 20 years later, Ms. Aldaco stood on the verge of entering a new chapter in her life. After years of struggling to make ends meet for herself and her family, she was accepted into a two-year transitional housing program for single mothers in danger of homelessness run by Fellowship Housing Corporation ("Fellowship"), a non-profit organization based in Hoffman Estates, Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.

12.     The Fellowship program is a two-year transitional housing program for single mothers and their children that provides housing placement, rental assistance, budgeting training, and debt repayment matching for its participants.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

13.     To participate in Fellowship's program, applicants must undergo a criminal records background check. Fellowship requested a background report on Ms. Aldaco—which report did not contain any criminal background information—and accepted her into the program.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in paragraph 13.

14.     Fellowship houses its participating families in one of two apartment buildings in the greater Hoffman Estates, Illinois area. In Ms. Aldaco's case, an apartment in one of the buildings had become available and Fellowship planned to place her there.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in paragraph 14.

15.     On January 12, 2016, having packed all of her possessions into a moving truck the day before, Ms. Aldaco arrived at the apartment building with her Fellowship caseworker to move into her new home.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in paragraph 15.

16.     The apartment building manager requested that Ms. Aldaco—at her expense—submit to an additional criminal background check to be conducted by a firm of the apartment building's choosing.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in paragraph 16.

17.     The apartment building management obtained the report from RentGrow.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about

the truth of the allegations contained in paragraph 15, in part because Plaintiff does not identify

the apartment building referenced in her allegation.

18.     RentGrow's report contained obsolete information pertaining to Ms. Aldaco's 1996 court supervision (the "Information"), which RentGrow communicated to the apartment building management.

**ANSWER:** Defendant admits that it created a report regarding Plaintiff and that the

report contained information pertaining to Ms. Aldaco's 1996 court supervision.   Defendant

denies that the information was obsolete.  Defendant lacks knowledge or information sufficient

to form a belief regarding the truth of the remaining allegations in paragraph 18, in part because Plaintiff does not identify the apartment building referenced in her allegation.

19.     Upon receipt of RentGrow's report containing the Information, the apartment building management refused to lease to Ms. Aldaco.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20.     Having been denied a lease at the apartment building, Ms. Aldaco was forced to find temporary storage for her belongings, was unable to participate in Fellowship's program, and, most painful of all, required to inform her youngest child of the news that they were not going to be moving into permanent housing as planned.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.

21.     On or about January 12, 2016, Ms. Aldaco disputed the Information with RentGrow by e-mail, informing RentGrow that the Information was inaccurate.

**ANSWER:**     Defendant admits that, on or about January 12, 2016, Ms. Aldaco disputed the information with RentGrow by e-mail. Defendant denies that the Information was inaccurate and denies the remainder of paragraph 21.

22.     On or about January 18, 2016, one Jayme Yellin, on behalf of RentGrow, responded to Ms. Aldaco's dispute, in relevant part, as follows:

> You previously contacted Yardi Resident Screening ("YRS") to dispute information contained in your tenant screening report ("TSR"). YRS submitted your dispute either to the credit reporting agency (such as Experian®, Equifax® or TransUnion®) or other consumer reporting agency ("CRA") that provided YRS with the information you disputed.

> The CRA recently completed its investigation of your dispute and determined that the information was reported accurately. This means YRS cannot modify or remove the information you disputed from your TSR. If you still question an item then you may want to contact the CRA directly, in this instance backgroundchecks.com whose phone number is (866)265-6602, or review the original information in the public record.

**ANSWER:** Defendant admits that, on or about January 18, 2016, Jayme Yellin sent an e-mail responding to Ms. Aldaco. Defendant admits that the text quoted in Paragraph 22 fairly and accurately represents an excerpt of Yellin's response. Defendant denies the remainder of paragraph 22.

23.     As of the date of this Complaint, Ms. Aldaco has been unable to secure permanent, independent housing for herself and her minor child.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23.

24.     Due to RentGrow's inadequate procedures, it negligently, or in the alternative, willfully maintained the Information in Ms. Aldaco's background report.

**ANSWER:** Denied.

25.     Due to RentGrow's inadequate procedures, it prepared a tenant screening report about Ms. Aldaco that contained obsolete criminal records information that is outdated and unreportable.

**ANSWER:** Denied.

26.     RentGrow reported the Information to the apartment building management.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26, in part because Plaintiff does not identify the apartment building referenced in her allegation.

27.     At all times pertinent hereto, RentGrow was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the RentGrow.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27, in part because Plaintiff does not identify either the acts alleged or the specific time period.

28.     At all times pertinent hereto, the conduct of the RentGrow, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and Ms. Aldaco's rights.

**ANSWER:** Denied.

29.     As a result of RentGrow's conduct, Ms. Aldaco suffered actual damages, without limitation, as follows:
> A.     Denial of housing;
> B.     Moving costs;
> C.     Lost wages due to lost time at work;
> D.     Lost opportunities to participate in Fellowship's programming;
> E.     Lost opportunities to build relationships and obtain support and coaching from other mothers who have and art currently participating in Fellowship's programming;
> F.     Lost opportunities to obtain debt matching payments from Fellowship; and
> G.     Emotional distress.

**ANSWER:** Denied.

## FIRST CLAIM *for* RELIEF
### *for* VIOLATIONS *of the* FAIR CREDIT REPORTING ACT
*Against RentGrow, Inc., d/b/a Yardi Resident Screening*

30.     Ms. Aldaco incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** Defendant incorporates by reference each of its answers to paragraphs 1 –

29 as though fully set forth herein.

31.     At all times pertinent hereto, RentGrow was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**ANSWER:** Paragraph 31 states legal conclusions to which no responses are required.

To the extent a response is required, Defendant denies all allegations in paragraph 31.

32.     At all times pertinent hereto, Ms. Aldaco was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:** Admit.

33.     At all times pertinent hereto, the tenant screening reports provided by RentGrow were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:** Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 33.

34. At all times pertinent hereto, Ms. Aldaco's 1996 court supervision was not a "conviction" under Illinois law. See 20 ILCS 2630/5.2(a)(1)(C).

**ANSWER:** Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that the statute Plaintiff cites applies, and denies that the matter leading to the 1996 court supervision is not a "conviction" under Illinois law. Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in paragraph 34, and the allegations are therefore denied.

35. Although consumer reporting agencies may report "convictions of crimes" indefinitely under the FCRA, because the Information is not a "conviction," it may no longer be reported after seven years after June 17, 1997, the date the order of supervision was discharged. 15 U.S.C. § 1681c(a)(5).

**ANSWER:** Paragraph 35 states a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 35.

36. The FCRA prohibited reporting the Information after June 17, 2004.

**ANSWER:** Paragraph 36 states a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 36.

37. RentGrow violated the FCRA when it negligently, or in the alternative, willfully failed to follow reasonable procedures to prevent the maintenance of the Information in its files after December 18, 2004.

**ANSWER:** Denied.

38. RentGrow violated the FCRA when it negligently, or in the alternative, willfully maintained the Information in its files and communicated same to the apartment building management on January 12, 2016, more than 11 years after it became obsolete.

**ANSWER:** Denied.

8

39.     RentGrow violated the FCRA when it negligently, or in the alternative, willfully failed to conduct a reasonable reinvestigation of the Information after Ms. Aldaco's disputation thereof.

**ANSWER:**  Denied.

40.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, RentGrow is liable to Ms. Aldaco for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

**ANSWER:**  Paragraph 40 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 40.

41.     The conduct of RentGrow was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages, and harm to Ms. Aldaco alleged above and, as a result, RentGrow is liable to Ms. Aldaco for the full amount of statutory damages, for actual damages, and for punitive damages, along with the attorneys' fees and the costs of this litigation, as well as such further relief as permitted by law.

**ANSWER:**  Paragraph 41 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 41.

42.     WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the RentGrow, based on the following requested relief:

      A.     Actual damages in an amount to be determined at trial;
      B.     Statutory damages of $1,000.00;
      C.     Punitive damages in an amount to be determined at trial;
      D.     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, and 1681o; and
      E.     Such other and further relief as may be necessary, just and proper.

**ANSWER:**  Defendant denies that any relief for Plaintiff is appropriate or warranted in this case, and denies the remaining allegations in paragraph 42.

## JURY DEMAND

Defendant demands trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

RentGrow, Inc. d/b/a Yardi Resident Screening, by its undersigned attorneys, submits the following affirmative defenses to Rafaela Aldaco's ("Plaintiff") Complaint:

1.       Defendant realleges and incorporates by reference its answers to paragraphs 1 – 42 as if fully set forth in these affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

2.       The alleged claims and purported claims for relief stated in the Complaint fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

3.       Plaintiff's claims are barred in whole or in part because she did not suffer any damages.

### THIRD AFFIRMATIVE DEFENSE

4.       Plaintiff's claims are barred in whole or in part because of her failure to mitigate her damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

5.       To the extent Plaintiff has suffered or will suffer any damages, such damages were caused, in whole or in part, by the actions or omissions of other persons or entities over which Defendant had no control and for which Defendant is not liable, including, but not limited to credit reporting agencies or other consumer reporting agencies.  In the event any fault of Defendant is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against Defendant must be reduced and limited by the comparative fault of such persons or entities.

10

## FIFTH AFFIRMATIVE DEFENSE

6.      To the extent Plaintiff claims Defendant willfully violated the FCRA, which Defendant denies, any violation was not willful because Defendant's interpretation of the FCRA is not objectively unreasonable.  *See Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 70 (2007).

## SIXTH AFFIRMATIVE DEFENSE

7.      Plaintiff has no cause of action under 15 U.S.C. § 1681e(b) because Defendant at all times maintained and followed reasonable procedures to assure maximum possible accuracy of the information regarding Plaintiff.

## RESERVATION OF RIGHTS

7.      Defendant reserves the right to assert and rely on any other affirmative defenses that may become known to it as this case proceeds.


Dated:  August 30, 2016                    Respectfully submitted,


                                           By:  /s/ Deanna R. Kunze


                                           **Deanna R. Kunze (IL 6287513)**
                                           dkunze@nixonpeabody.com
                                           **NIXON PEABODY LLP**
                                           70 West Madison, Suite 3500
                                           Chicago, IL 60602
                                           Tel:  312-977-4443
                                           Fax:  844-560-8137

                                           **Jason P. Gonzalez***
                                           jgonzalez@nixonpeabody.com
                                           **NIXON PEABODY LLP**
                                           300 South Grand Avenue, Suite 4100
                                           Los Angeles, California 90071
                                           Tel:  213-629-6000
                                           Fax:  213-629-6001
                                           ***Pro Hac Vice* application pending**
                                           Tel:  312-977-4443

11

Fax: 844-560-8137

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing Answer to Plaintiff's Complaint was filed electronically on this 30th day of August in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, this document was served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.9.


       */s/ Deanna R. Kunze*
       Deanna R. Kunze