**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RAFAELA ALDACO, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 1:16-cv-05754 |
| ) | |
| v. ) | The Honorable Joan H. Lefkow |
| ) | |
| RENTGROW, INC. d/b/a/ YARDI ) | |
| RESIDENT SCREENING, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant RentGrow, Inc. d/b/a Yardi Resident Screening ("YRS") respectfully submits this motion for summary judgment on all claims asserted by Plaintiff Rafaela Aldaco ("Plaintiff") in the above-captioned action.

As explained more fully in the accompanying Memorandum of Law and Local Rule 56.1 Statement of Undisputed Material Facts submitted herewith, Plaintiff asserts claims for both negligent and willful violation of the Fair Credit Reporting Act ("FCRA"), 15 USC § 1681e(b), alleging that YRS failed to use "reasonable procedures to assure maximum possible accuracy" in reporting a 1996 criminal conviction record. Plaintiff also claims that YRS failed to properly re-investigate the criminal background information following her dispute that the record did not belong to her, in violation of Section 1681i of the FCRA.

With regard to the Section 1681e(b) "reasonable procedures" claim, the record is clear that the YRS two-step filtering process and other accuracy-assuring procedures, developed over decades of experience in the tenant screening industry and applied here, satisfy any interpretation of "reasonable procedures"—and wholly negate any claim of negligence, let alone willfulness. Yet Plaintiff's inaccurate reporting claim fails far before this Court need reach a determination of

1

"reasonable procedures." As a threshold matter, the criminal background information reported here was, in fact, accurate and lawfully reportable. But even if the information was inaccurate, Plaintiff's claim still fails as a matter of law on at least two bases. First, Plaintiff cannot show that any inaccuracy in the report *caused* her damage, an essential element of the claim. Second, it is well established in the Seventh Circuit that a CRA, including a reseller such as YRS, is not liable as a matter of law merely because "an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate." *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 972 (7th Cir. 2004); *see also Henson v. CSC Credit Servs.*, 29 F.3d 280, 285 (7th Cir. 1994).

With regard to the Section 1681i re-investigation claim, Plaintiff alleges that YRS failed to properly re-investigate the criminal background information following her dispute that the record did not belong to her. This claim fails as a matter of law because YRS fully complied with its reseller obligations, the re-investigation confirmed that the record *did* belong to her, and there exists no obligation to investigate matters outside the scope of Plaintiff's dispute.

Plaintiff seeks to hold YRS liable for multiple violations of the FCRA even though YRS accurately reported her criminal history, obtained that information from a well-known criminal background consumer reporting agency (Backgroundchecks.com), and confirmed that the record belonged to Plaintiff after she lodged a dispute on the ground that the record belonged to her former boyfriend. Plaintiff's claims fail as a matter of law.

WHEREFORE, Defendant RentGrow, Inc. d/b/a Yardi Resident Screening respectfully requests that this Court:

(1) grant summary judgment in Defendant's favor against Plaintiff Rafaela Aldaco;

(2) enter judgment against Plaintiff on all claims of the instant lawsuit;

(3) dismiss Plaintiff's Complaint in its entirety, with prejudice; and

(4) grant any further relief deemed just and proper.

Dated: May 25, 2017                               Respectfully submitted,

*By: /s/ Patrick Duffey*

**Deanna R. Kunze**
dkunze@nixonpeabody.com
**Patrick Duffey**
pduffey@nixonpeabody.com
**Laura B. Bacon**
lbbacon@nixonpeabody.com
**NIXON PEABODY LLP**
70 West Madison, Suite 3500
Chicago, IL 60602
Tel:     312-977-4400
Fax:    844-560-8137

*Attorneys for Defendant RentGrow, Inc. d/b/a Yardi Resident Screening*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was filed electronically on this 25th day of May, 2017, in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, this document was served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.9.

By: */s/ Patrick Duffey*