# EXHIBIT

# 38

# Plaintiff's Responses to Interrogatories

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAFAELA ALDACO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2016-cv-5754 |
| | ) | |
| v. | ) | Hon. Joan H. Lefkow |
| | ) | Assigned District Judge |
| RENTGROW, INC. d/b/a Yardi Resident Screening, | ) | |
| | ) | Hon. Young B. Kim |
| Defendant. | ) | Assigned Magistrate Judge |
| | ) | |

## PLAINTIFF'S RESPONSES TO FIRST INTERROGATORIES

Plaintiff, RAFAELA ALDACO, by and through her counsel, hereby responds to Defendant RENTGROW, INC.'s First Interrogatories.

## INTERROGATORIES

1.      State your present residential address and all past residential addresses you have had within the last ten (10) years.

**RESPONSE:**

Plaintiff objects to this interrogatory as overly broad, and unduly burdensome and not relevant to the claims and defenses in this matter. Notwithstanding said objection, Plaintiff identifies the following residential addresses relevant to her immediate past, with the approximate dates living there:



April 2016 – present--

Dec. 2015 – April 2016 --

Sept. 2015 – Nov. 2015 –

Aug. – Oct. 2015 –

Misc. Other Dates --

Plaintiff is unable to remember address prior to the above. Investigation continues.

2.    Identify and describe in detail any and all communications between you and Defendant.

**RESPONSE:**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome. Notwithstanding said objection, On or about January 12, 2016, ███████████████████, LLC requested a Tenant Screening Report about me. Rentgrow, Inc. produced a Tenant Screening Report about me on or about January 12, 2016. On January 12, 2016, Plaintiff sent Defendant a dispute via email. Additionally, Plaintiff called Yardi at the number provided o her and spoke to a male employee questioning the accuracy of the report. That employee looked at her records and regarding the record which is the subject of this lawsuit told her "...that's old, it shouldn't matter". Plaintiff further inquired of him why it was shown on the report then and he gave her the information about the court, etc. He then stated that he should not have been talking to her and said he had to transfer her to someone else. Plaintiff was transferred to a female employee of the Defendant who simply told her she would get an email and "that was that" and hung up on Plaintiff. On or about January 18, 2016, Defendant sent Plaintiff an email regarding her dispute and informing Plaintiff that it would not modify or remove the inaccurate information. See documents attached to Plaintiff's Response to Request for Production of Documents. Investigation continues.

3.    Identify and describe all of your attempts to secure housing since January 1, 2016.

**RESPONSE:**

Plaintiff attempted to find suitable housing for herself and her two children by reviewing ads in the *Daily Herald* newspaper and on www.apartments.com. She was unable to find any such housing since she had no credit history. Until she found her current residence, she lived in numerous places. On the day she was rejected for the apartment she and her children retruned to live with her mother ███████████████. In March she saw a for-rent sign for her current residence. Given that she had no credit history, she found a friend from her church, Bernice

2

Rojas, who also needed a place to live and they jointly applied for the apartment. They were approved only after making a very large down payment. Investigation continues.

4.      Identify the apartment building in which the Fellowship Housing Corporation planned to provide housing to you, as alleged in Paragraph 14 of the Complaint.

**RESPONSE:**

> The Reserve at Hoffman Estates
> 875 Pacific Ave.
> Hoffman Estates, IL 60169

Plaintiff is unable to recall the exact unit number at this time. Investigation continues.

5.      Identify the following individuals referenced in the Complaint:

     a.      The "Fellowship caseworker" referenced in Paragraph 15 of the Complaint.

     b.      The "apartment building manager" referenced in Paragraph 16 of the Complaint.

**RESPONSE:**

     a.   Rachel Paul and Heather Corin

     b.   Plaintiff does not recall the name of the apartment building manager. On information and belief he is an employee of BH Management Services LLC. On information and belief Heather Corin of Fellowship Housing knows his name.

6.      Identify any other person involved in any way with your attempts to secure housing with the Fellowship Housing Corporation or otherwise.

**RESPONSE:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, vague and ambiguous. Plaintiff also objects to the phrase "or otherwise" as vague and ambiguous. Notwithstanding said objections, Plaintiff identifies the following individuals who were primarily involved in assisting her with the application process with Fellowship Housing:

> Clementine Frazier – ███████████████████
> Wilhelmina Maldonando – ███████████████████
> Katie Marquis – ███████████████

Lynn McPherson – Plaintiff no longer has her address
Cindy & Ben Evangelista – ████████████████████████████
Felipe A. Ruacho (her son) – lives with Plaintiff
C.B. (her son, a minor) – Lives with Plaintiff
Individuals at the Willow Creek Community Church Care Center, names unknown

Investigation continues.

7.　　　　Identify each occupation or job you have held in chronological order for the past ten (10) years, and, with respect to each employer, state:

        a.　　　The name and address of the employer;

        b.　　　The date of commencement and termination of each such employment;

        c.　　　The position(s) you held in each such employment;

        d.　　　The weekly average wages or earning in each such employment;

        e.　　　The name of your immediate supervisor or superior at each such place of employment;

        f.　　　The reason for your termination of each such employment.

**RESPONSE:**

Plaintiff objects to this interrogatory as overly broad, unduly burdensome, and not relevant to the claims or defenses of this matter. Notwithstanding said objection, Plaintiff identifies the following jobs she has held since 2014:

WindowWorks – worked at their call center at 124 E. Lake St., Bloomingdale, IL (that center is no longer open – the call center was moved to the company's Naperville, IL location.) She worked there for approximately one year until August 26, 2016 when she was laid off. Her immediate supervisor was Alex Alvarez. She believes she was terminated due to the large number of missed days from work between January 12, 2016 and April 1, 2016 after the Yardi report caused her to lose he Fellowship Housing program acceptance. She was earning $██ hour plus approx. ████ onth in commissions.

4

Chicago Parts and Sound – works full time as an inside sales/customer service representative at 1150 Lively Blvd, Elk Grove Village, IL 60007 earning ███/hour. She began working there on 12/27/16. Sharen Collins of the company HR Dept. is the contact there.

Investigation continues.

8.      Are you claiming any loss of income as a result of the incidents or injuries alleged in the Complaint? If so, state:

        a.      The total gross and net income allegedly lost, the total number of work days lost, and the period of time over which said income was lost:

        b.      The claimed source of any lost income, including the name, address, and telephone number of each such source;

        c.      The date of inclusive dates on which you were unable to work;

        d.      Your present earnings per month; and

        e.      Your annual income for the years 2011-2015, as reported to the United States Internal Revenue Service, and your 2016 income to date.

**RESPONSE:**

Plaintiff objects to this interrogatory as overly broad and unduly burdensome and irrelevant to the extent it seeks income from 2011-2014. Furthermore notwithstanding said objection, Plaintiff states she is unable to locate her tax returns for 2014 and 2015. She has not yet received any W-2's for income earned in 2016. Plaintiff will continue to try to find her tax returns and 2016 information as will provide same if she can locate same.

9.      Have you ever been involved in any civil action, either as a defendant, respondent, or plaintiff, in a court or administrative agency? If so, state:

        a.      The date, court, and docket number of each action filed;

        b.      The name of the parties involved and the attorneys representing each party;

        c.      The nature of each such action;

5

      d.      The disposition of each such action whether or not there was an appeal, and if so,

      e.      The result thereof, including the name and citation of each case; and,

      f.      The amount of any settlement or judgment obtained in each such case.

**RESPONSE:**

Plaintiff objects to this interrogatory as irrelevant to the claims that Defendant failed to maintain reasonably procedures under the Fair Credit Reporting Act 15 U.S.C. 1681e(b) and 15 U.S.C. 1681i. This request is also irrelevant to any of the six (6) affirmative defenses raised by Defendant.

10.      Have you ever been arrested, detained or cited by a police officer, or other law enforcement, regulatory or administration official, for any offense (including juvenile offenses or, ordinance, traffic or code violations), or have you otherwise entered into any sort of consent decree with any such officials in response to an investigation or other action involving a citation or (including consent decrees):

      a.      The date on which you were arrested, detained, or cited;

      b.      Identify the law enforcement agency that arrested, detained, or cited you;

      c.      Identify the charge(s) filed or cited against you;

      d.      Identify the judicial jurisdiction in which the arrest, detention or citation occurred;

      e.      State whether you pleaded guilty or not guilty;

      f.      State whether you were found guilty or not guilty if the case proceeded to trial;

      g.      if you were found guilty or entered a plea agreement, please provide the details of the incarceration including your sentence time, the time you served and any other conditions;

      h.      state the name and location of each Court wherein you appeared and the dates of all Court appearances;

      i.      if the arrest, detention or citation resulted in a judicial, administrative or regulatory disposition, state:

      ii.      the name of the Court, administrative or regulatory agency;

      iii.      the name of the judge, administrative or regulatory hearing officer;

      iv.      the charges; and

      v.      the disposition of those charges.

**RESPONSE:**

Plaintiff objects to this interrogatory on the grounds that it seeks information regarding arrests, traffic violations, ordinance violations and juvenile records which are neither relevant to this matter nor admissible, and the only purpose of such an overbroad request is to harass the Plaintiff. Furthermore, this request seeks information that is irrelevant to the claims or any of the six affirmative defenses Defendant has raised. Notwithstanding said objection, Plaintiff responds to this interrogatory, (including its discrete subparts which Plaintiff has determined, at a minimum, totals five), as it relates to the record at issue in this case:

Other than the record at issue in this case, none. Investigation continues.

11.     State whether you have received any treatment (including but not limited to psychiatric, psychological, or other professional care or treatment) for any and all injuries you claim were sustained by you as a result of the occurrences which for the basis of your Complaint. If so, identify:

      a.     Any hospital, mental institution, mental health center, or other medical institution you were admitted to or treated at for the injuries allegedly sustained by you as a result of Defendant's alleged conduct;

      b.     Each attending, consulting, or treating physician, psychiatrist, or other health care professional who provided treatment;

      c.     The date or inclusive dates of examination, care, or treatment by each such health care professional or facility who rendered you service, and the date(s) of admission and discharge as to each facility;

        d.     The amounts to date of each treater's respective bills for service.

**RESPONSE:**

None.

12.     State, list and itemize each item of expense, monetary loss and any other damage claimed by you in this action and, with respect to each such item, provide the following information:

        a.     The amount of each expense, monetary loss or damage claimed;

        b.     How said amount was computed and the basis of said computation;

        c.     Identify the documents used in calculating each item of damage; and

        d.     Identify the individuals who will testify with respect to the item of damage.

**RESPONSE:**

Plaintiff claims statutory damages under the FCRA, actual/compensatory damages in the nature of denial of housing opportunities, moving costs, lost wages, lost opportunities to participate in Fellowship's programming, lost opportunities to build relationships and obtain support and coaching from other mothers who have and are currently participating in Fellowship's programming, lost opportunities to obtain debt matching payments from Fellowship, actual/compensatory damages in the nature of damage to reputation, actual/compensatory damages in the nature of emotional distress, punitive damages; and attorneys' fees and costs.

**Actual Economic Damages:** Ms. Aldaco claims the following economic damages:

**A. *Fellowship Housing Program Financial Assistance***
    Rental Support, Months 1-18
    Rental Support, Months 19-24
    Utility Subsidies (Water, Gas)
    Debt Retirement, Payment Matching
    Debt Retirement, Tax Refund Matching
    Budgeting and Financial Counseling Services
    Psychological Counseling Support
    Tutoring for Children; Career Counseling,
        and GED assistance



Incentives, Gift Cards, Christmas Gifts, haircuts 
Total: $ ███

**B.** Additionally, Fellowship Housing was going to enroll Ms. Aldaco in the DuPage Habitat for Humanity Program for the possibility of qualifying for one of their homes – **Value TBD.**

**C.** ***Storage Unit/Moving Expenses***

**D.** ***Lost Wages*** -Jan.-April 2016 (340 hours)

**E.** ***Lost Wages*** – 8/27-12/24/16



**Actual Emotional Distress Damages:** Plaintiff claims emotional distress damages under the FCRA as well. Friends, family (including her children), and her supervisor from work will offer testimony on how a young mother, looking forward to one of the most important transitions of her life, became withdrawn, depressed, and anxious after her plans for a better future were so unexpectedly derailed on January 12, 2016. Following is a list of some of the specifics of her emotional distress, all of which she never experienced before the events of Jan. 12, 2016:

➢ Numerous severe headaches, many being so painful that it caused her constant vomiting episodes, several in the presence of her children;

➢ Became terribly short-tempered with her children for many months;

➢ Significant weight gain due to overeating cause by her depression;

➢ Bedridden for days after 1-12-16;

➢ Complete loss of self-esteem since she felt she could not properly provide for her children;

➢ Shame in dealing with her children when she could not explain why they were not getting the apartment she had told them they would be moving into on 1-12-16;

➢ Shame at feeling homeless and partially living out of her truck for over two months;

➢ Shame at the fact she could no longer participate in the Fellowship Housing program, a fact she still is unable to tell her extended family to this date;

➢ Disbelief at the events that transpired on 1-12-16 after feeling euphoric when

she received the email telling her she was accepted into the Fellowship Housing program;

➢ A feeling of helplessness toward her children in thinking she failed them due to her lost opportunity to be part of the Fellowship Housing program;

➢ Chronic fatigue for over a month after the loss of her participation in the Fellowship Housing program;

➢ Feelings of guilt that she lost her acceptance into the Fellowship Housing program which would have greatly benefited not only her but her children;

➢ Constant bouts of excessive crying whenever anyone asks her why she lost her acceptance in the Fellowship Housing program or if they asked for her address which she was constantly moving;

➢ A feeling of pessimism that she will never be able to properly provide for her children;

➢ A constant feeling of hopelessness that she will ever be able to be part of the Fellowship Housing program.

The emotional distress damages are not quantifiable other than by its valuation by a jury.

**Actual Lost Opportunities Damages:**

Lost opportunities (credit, employment, housing, insurance, etc.) as a result are cognizable and compensable under the FCRA. A loss of credit, or here housing, lost opportunities to build relationships, lost opportunities to participate in Fellowship Housing programs, lost opportunities to obtain debt matching payments, are a distinct form of actual damages and need not translate into financial losses. Having criminal conviction information that is inaccurate and obsolete reporting on Plaintiff's background report reflects poorly on Plaintiff's reputation and has caused her an inability to obtain housing and other opportunities, as described in Plaintiff's Responses to Interrogatories, *supra*.

Investigation continues as to actual damages.

**Punitive Damages:**

Plaintiff also believes that Rentgrow should be required to pay punitive damages in this

10

case as it has recklessly disregarding its duties under the FCRA. The amount of actual and punitive damages in this as can only be determined by a jury. Plaintiff cannot verify the legal citations that are part of this response since she is not a lawyer. See also Plaintiff's Initial Disclosures. Investigation continues.

13.     Identify all persons whom you believe to have any knowledge of any facts supporting or disproving any of the allegations contained in the Complaint, and for each such person, state the relevant facts of which the person has knowledge or is believed to have knowledge, along with his or her relationship to you.

RESPONSE:

1.     Representatives of Defendant Rentgrow, Inc.

2.     Representatives of Fellowship Housing Corporation, specifically Heather Corin and Rachel Paul. They will be able to testify as to the entirety of the Fellowship Housing program including without limitation the benefits to be derived from acceptance in the program and by completing the program. They will also be able to testify as to the process involved in being accepted into their program. Additionally, they will be able to testify as to the process established between their organization and the Reserves of Hoffman Estates as to the acceptance of Fellowship Housing tenants, the fact that the management's company had already accepted Plaintiff as a tenant and she, with Rachel Paul, solely went to the property and management office on January 12, 2016 for the purpose of getting the keys to the unit Plaintiff for which she was already approved. They will also testify that when Plaintiff and Ms. Paul arrived at the management office the standard procedure was not followed by the building manger in that he advised them he wanted to run another background check on the Plaintiff (after he already knew, or should have known, one was previously obtained by Fellowship Housing), that he charged the Plaintiff a $5.00 fee for this new additional background check, that he would not accept cash or a credit card, making them go to Walmart to obtain a money order. They will also be able to testify as to the dispute process they assisted Plaintiff with regarding the Yardi report.

3.     Clementine Frazier – a close personal friend of, and mentor to, the Plaintiff who has personal knowledge of the Plaintiff's entire process of applying for the Fellowship Program and the effects the facts of this cause had on the Plaintiff after the Yardi report caused her to loss her acceptance in the Fellowship Housing program.

11

4.    Wilhelmina Maldonado – same as Ms. Frazier above.

5.    Katie Marquis – can testify as to the emotional distress suffered by Plaintiff.

6.    Lynn McPherson (and to a degree her husband Keith) – both pastors of Plaintiff. In addition to first-hand knowledge of the emotional distress suffered by Plaintiff, Lynn, together with Ms. Frazier above, were intimately involved win the interview process involved in getting Plaintiff accepted into the Fellowship Housing program.

7.    Plaintiff's children will be able to testify as to the emotional distress effects they witnessed their mother suffered, the effect the loss of their mother's acceptance into that program had on them and how that also affected their mother.

8.    Plaintiff's mother, Elizabeth Rodriguez, will be able to testify as to the Plaintiff's emotional distress effects she witnessed while Plaintiff was living with her after she was rejected from the apartment at the Reserves of Hoffman Estates.

9.    Plaintiff's sister, ███████████████████████████ IL, will be able to testify as to the Plaintiff's emotional distress effects she witnessed after she was rejected from the apartment at the Reserves of Hoffman Estates.

10.   Plaintiff's former supervisor at the WindowWorks company, Alex Alvarez, regarding Plaintiff's work history, lost wages and reason for termination.

11.   All the parties identified in the Defendant's 26(a)(1) disclosure.

Investigation continues.


DATED: January 23, 2017                    ZAMPARO LAW GROUP, P.C.

                                           By:    /s/Roger Zamparo, Jr.
                                                  Roger Zamparo, Jr.
                                                  2300 Barrington Road, Suite 140
                                                  Hoffman Estates, IL 60169
                                                  (224) 875-3202 (t)
                                                  (312) 276-4950 (f)
                                                  roger@zamparolaw.com

## CERTIFICATE OF SERVICE

Roger Zamparo, Jr., an attorney, certifies that on the date indicated, he served the

foregoing PLAINTIFF'S RESPONSES to FIRST INTERROGATORIES upon the following counsel, via

electronic mail:

Jason Gonzalesz, Esq.
Deanna R. Kunze, Esq.
Patrick Duffey, Esq.
NIXON PEABODY LLP
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602
dkunze@nixonpeabody.com
pduffey@nixonpeabody.com

DATED:        January 23, 2017              /s/Roger Zamparo, Jr.
                                            Roger Zamparo, Jr.

## VERIFICATION

The undersigned declares under the penalty of perjury that the foregoing statements are true and correct.

Executed in Hoffman Estates, IL

_____
Rafaela Aldaco