# EXHIBIT 39

# Declaration of Roger Zamparo, Jr.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAELA ALDACO, <br><br> *Plaintiff,* <br><br> v. <br><br> RENTGROW, INC. d/b/a Yardi Resident Screening, <br><br> *Defendant.* | Case No.: 1-16-CV-05754 <br><br> The Honorable Joan H. Lefkow |

## DECLARATION OF ROGER ZAMPARO, JR.

I, Roger Zamparo, Jr. do hereby declare and state the following:

1. I am an attorney with the law firm Zamparo Law Group, P.C., representing Plaintiff Rafaela Aldaco.

2. I am over 18 years of age, have personal knowledge of all facts attested to herein, and can competently testify to the same.

3. Our firm first met with Rafaela Aldaco on ▮▮▮▮▮▮▮▮

4. Prior to ▮▮▮▮▮▮▮▮ the only contact our firm ever had with Ms. Aldaco was to schedule her appointment for ▮▮▮▮▮▮▮▮

5. Our engagement letter with Ms. Aldaco that established our attorney client relationship was executed by her on ▮▮▮▮▮▮▮▮

6. Any communication by our firm prior to ▮▮▮▮▮▮▮▮ concerning the subject matter of this lawsuit was had with personnel of the Fellowship Housing Corp., a not-for-profit organization that our firm assists on a pro bono basis.

I declare under penalties as provided by law that the statements set forth in this instrument are true and correct.

EXECUTED this 20th day of June 2017, in Hoffman Estates, Illinois.

/s /Roger Zamparo, Jr.
Roger Zamparo, Jr.

# EXHIBIT

# 40

# Plaintiff's Response to Request to Produce

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAELA ALDACO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 2016-cv-5754 |
| v. | ) |
| | ) Hon. Joan H. Lefkow |
| RENTGROW, INC. d/b/a Yardi Resident Screening, | ) Assigned District Judge |
| | ) |
| Defendant. | ) Hon. Young B. Kim |
| | ) Assigned Magistrate Judge |

**PLAINTIFF'S RESPONSES TO FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS**

Plaintiff, RAFAELA ALDACO, by and through her counsel, hereby responds to Defendant RENTGROW, INC.'s First Requests for Production of Documents as follows:

1. All documents and things related or referring to communications between you and Defendant.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Notwithstanding said objection, see documents 001-002 attached hereto. Investigation continues.

2. All documents and things related or referring to communications between Plaintiff and Fellowship Housing Corporation.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and

communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Notwithstanding said objection, see documents 003-005 attached hereto. No other documents are within the custody or control of Plaintiff at this time. Plaintiff will supplement her Response to this request upon receipt of any further responsive documents. Investigation continues.

3. All documents and things related or referring to communications between Plaintiff and the "apartment building manager" referenced in Paragraph 16 of the Complaint.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Notwithstanding said objection, no such documents are within the custody or control of Plaintiff at this time.

4. All documents and things related or referring to the email communications referenced in Paragraphs 21 and 22 of the Complaint.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Notwithstanding said objection, see documents 001-002 attached hereto. Investigation continues.

5. All documents and things related or referring to "Rentgrow's report" referenced in Paragraphs 18-19 of the Complaint.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client

2

privilege and the attorney work product doctrine. Notwithstanding said objection, see documents 006-018 attached hereto. Investigation continues.

6. All documents and things related or referring to the "tenant screening report" referenced in Paragraph 25 of the Complaint.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Notwithstanding said objection, see document 019 attached hereto. Investigation continues.

7. All documents and things related or referring to the "criminal background check" referenced in Paragraph 16 of the Complaint.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Notwithstanding said objection, see documents 006-018 attached hereto. Investigation continues.

8. All documents and things related or referring to any other "criminal background check" regarding Plaintiff performed by Defendant or any other entity, including but not limited to the "criminal records background check" referenced in Paragraph 13 of the Complaint.

**RESPONSE:**

Objection. This request is overly broad as it contains no temporal limitation, unduly burdensome, and vague as to the term "things." This request also seeks documents that are irrelevant to the claims brought by Plaintiff and the affirmative defenses raised by Defendant. Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the

3

attorney work product doctrine. Plaintiff cannot remember and may not be aware of every background check ever performed on her. Notwithstanding said objection, documents 020-021 attached hereto. Investigation continues.

9. All documents and things related to Plaintiff's attempts to secure housing since January 1, 2016.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Notwithstanding said objection, see documents 022-029 attached hereto. Investigation continues.

10. All documents and things related or referring to Plaintiff's sentence of court supervision and the underlying criminal charges reference in Paragraphs 8-10 of the Complaint.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Finally, the documents are equally available to Defendant as the documents are a matter of public record. Notwithstanding said objection, see documents 030-053 attached hereto. Investigation continues.

11. All documents and things evidencing Plaintiff's actual damages as alleged in Paragraph 29 of the Complaint, including but not limited to:

    a. Documents related or referring to Plaintiff's moving costs;

    b. Documents related or referring to Plaintiff's lost wages;

    c. Documents related or referring to Plaintiff's lost opportunities to participate in Fellowship programming;

    d. Documents related or referring to Plaintiff's lost opportunities to obtain debt

4

    matching payments from Fellowship;

e. Documents related or referring to Plaintiff's lost opportunities to build relationships and obtain support and coaching from other mothers who have and are currently participating in Fellowship's programming; and

f. Documents related or referring to any treatment Plaintiff has received for her emotional distress.

**RESPONSE:**

Objection. This request is overly broad, unduly burdensome, and vague as to the term "things." Furthermore, Plaintiff objects to this interrogatory as it seeks information and communication between Plaintiff and her attorney which is protected by attorney client privilege and the attorney work product doctrine. Notwithstanding said objections, see documents 054-057 attached hereto. No other such documents are within the custody or control of Plaintiff. Investigation continues.

DATED: January 23, 2017                      **ZAMPARO LAW GROUP, P.C.**

                                               By:    */s/Roger Zamparo, Jr.*
                                                          Roger Zamparo, Jr.
                                                         2300 Barrington Road, Suite 140
                                                         Hoffman Estates, IL 60169
                                                         (224) 875-3202 (t)
                                                         (312) 276-4950 (f)
                                                         roger@zamparolaw.com

## CERTIFICATE OF SERVICE

Roger Zamparo, Jr., an attorney, certifies that on the date indicated, he served the foregoing PLAINTIFF'S RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS upon the following counsel, via electronic mail:

Jason Gonzalez, Esq.
Deanna R. Kunze, Esq.
Patrick Duffey, Esq.
NIXON PEABODY LLP
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602
dkunze@nixonpeabody.com
pduffey@nixonpeabody.com

DATED: January 23, 2017                /s/ Roger Zamparo, Jr.
                                        Roger Zamparo, Jr.

## VERIFICATION

The undersigned declares under the penalty of perjury that the foregoing statements are true and correct.

Executed in Hoffman Estates, IL

_____
Rafaela Aldaco