IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAELA ALDACO, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16-cv-05754 |
| v. | ) |
| | ) The Honorable Joan H. Lefkow |
| RENTGROW, INC. d/b/a YARDI RESIDENT SCREENING, | ) |
| | ) |
| Defendant. | ) |

**MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Defendant RentGrow, Inc. d/b/a Yardi Resident Screening ("YRS" or "Defendant") moves this Court, pursuant to Federal Rule of Civil Procedure 5.2, Local Rule 26.2 and the Agreed Protective Order entered in this action (Dkt. 28), for leave to file portions of: (1) its Reply Memorandum in Support of Defendant's Motion for Summary Judgment and: (2) its Reply to Plaintiff's Local Rule 56.1 Statement of Undisputed and Disputed Material Facts and Separate Statement of Additional Facts, under seal.

In support of this motion, YRS states as follows:

1. Pursuant to Local Rule 26.2(c), YRS provisionally filed portions of its Reply Memorandum of Law, and its Reply to Plaintiff's Rule 56.1 Statement of Undisputed and Disputed Facts and Separate Statement of Additional Facts, electronically under seal. YRS now seeks leave of this Court to file the documents under seal pursuant to Local Rule 26.2(c), which allows a party to file a sealing motion "before or simultaneously with the provisional filing of the document under seal." N.D. Ill. L.R. 26.2(c).

2. Under the Local Rules of the Northern District of Illinois, the Court "may for good cause shown enter an order directing that one or more documents be filed under seal."

1

N.D. Ill. L.R. 26.2(b).  Here, good cause exists for YRS to file documents that have been designated as "Confidential Information" pursuant to the parties' Agreed Protective Order, or fall within Fed. R. Civ. P. 5.2, under seal.

3. The Agreed Protective Order was entered by this Court on February 13, 2017. (*See* Dkt. 28.)

4. Under the Agreed Protective Order, "Confidential Information" is defined as information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within a number of categories, including "information that reveals trade secrets" and "research, technical, commercial or financial information that the party has maintained as confidential."  (Dkt. 28, ¶ 2.)

5. The Agreed Protective Order also provides that "all deposition testimony taken in this case shall be treated as Confidential Information" for 14 days after the transcript is delivered to any party or witness.  Within 14 days of delivery of the transcript, "a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order." (Dkt. 28**,** ¶ 4.)

6. Fed. R. Civ. P. 5.2 requires that all filers must redact: Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial account numbers; and, in criminal cases, home addresses.

7. Defendant's confidential commercial and trade secret information are at issue in this action brought by Plaintiff under the Fair Credit Reporting Act.  Specifically, Plaintiff is required to prove that (1) inaccurate information was reported on her criminal background report and (2) that the inaccuracy was due to Defendant's failure to follow reasonable procedures to ensure maximum possible accuracy.  *See McNamara v. HireRight Solutions, Inc.,* No. 13 C 5215, 2014 WL 321790, at *3 (N.D. Ill. Jan 29, 2014) (citing *Henson v. CSC Credit Servs.,* 29 F. 3d 280, 284-85 (7th Cir. 1994)).

8. In the YRS industry, there is nothing more important than ensuring the accuracy and integrity of the data it sells. (*See* SUF Ex. 1, 3/8/2017 Hennessey Dep. at 206:19-207:9.)[1] YRS ensures the accuracy of this data through its confidential and proprietary policies and procedures. (*Id.*) Accordingly, throughout discovery in this action, YRS has designated information and deposition testimony related to its policies and procedures as "Confidential Information" pursuant to the Agreed Protective Order. YRS maintains its policy and procedure information as confidential trade secrets and believes that its policies and procedures give it a business advantage over its competitors due to the importance of data accuracy in its industry.

9. Given the confidential nature of the YRS policies and procedures as well as its customer information, good cause exists for this Court to enter an order directing that the information designated by YRS as "Confidential Information" pursuant to the Agreed Protective Order be filed under seal.

10. Additionally, due to the personal nature of much of the information included within Plaintiff's deposition testimony, written discovery responses, and documents—including reference to Plaintiff's minor child and other personal information—good cause exists to file such information under seal.

11. Defendant will file redacted copies of both its Reply Memorandum of Law and its Reply to Plaintiff's Statement of Undisputed and Disputed Facts and Separate Statement of Additional Facts, removing only reference to such confidential information.

**WHEREFORE**, Defendant RentGrow, Inc. respectfully requests that this Court enter an Order granting it leave to file the aforementioned documents under seal.

Dated: July 6, 2017                                                   Respectfully submitted,

                                                                      By: */s/ Patrick R. Duffey*

---

[1] Mr. Hennessey was designated as the YRS corporate representative pursuant to Fed. R. Civ. P. 30(b)(6).

        **Deanna R. Kunze**
        dkunze@nixonpeabody.com
        **Patrick R. Duffey**
        pduffey@nixonpeabody.com
        **Laura B. Bacon**
        lbbacon@nixonpeabody.com
        **NIXON PEABODY LLP**
        70 West Madison, Suite 3500
        Chicago, IL 60602
        Tel:    312-977-4400
        Fax:   844-560-8137

        *Attorneys for Defendant RentGrow, Inc. d/b/a Yardi Resident Screening*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing Motion for Leave to File Documents Under Seal was filed electronically on this 6th day of July, 2017, in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, this document was served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.9.

      By: */s/ Patrick R. Duffey*