IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAELA ALDACO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 5754 |
| | ) |
| RENTGROW, INC. d/b/a Yardi Resident Screening | ) |
| | ) Judge Joan H. Lefkow |
| | ) |
| Defendant. | ) |

## ORDER AND STATEMENT

Defendant RentGrow, Inc. d/b/a Yardi Resident Screening's motion for summary judgment (dkt. 35) is granted. The case is terminated. See Statement.[1]

## STATEMENT[2]

**I. Background**

RentGrow, Inc. d/b/a Yardi Resident Screening (YRS) is a credit reporting agency that provides background reports on potential tenants to landlords and apartment management companies. (Dkt. 53, Plantiff's Responses to Defendant's Local Rule 56.1 Statement of Facts (Pl.'s LR 56.1 Resp.) ¶ 1.) A YRS client decides which types of background information she wants on a potential tenant (e.g., criminal, financial, etc.), and YRS then provides a background report in accordance with the client's criteria. (*Id.* ¶ 8.) Clients request these background reports through a YRS web portal. (*Id.* ¶ 6.)

In November 2015, Rafaela Aldaco applied for a program administered by Fellowship Housing Corporation (FHC) that provided subsidized housing to single mothers at risk of

---

[1] The court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

[2] Unless otherwise noted, the facts in this section are taken from the parties' Local Rule 56.1 statements and are construed in the light most favorable to the non-moving party. The court will address many but not all of the factual allegations in the parties' submissions, as the court is "not bound to discuss in detail every single factual allegation put forth at the summary judgment stage." *Omnicare, Inc.* v. *UnitedHealth Grp., Inc.*, 629 F.3d 697, 704 (7th Cir. 2011) (citation omitted). In accordance with its regular practice, the court has considered the parties' objections to the statements of fact and includes in this background only those portions of the statements and responses that are appropriately supported and relevant to the resolution of this motion. Any facts that are not controverted as required by Local Rule 56.1 are deemed admitted.

homelessness. (*Id.* ¶ 34.) FHC approved Aldaco's application and sought to place her in a unit at the Reserve of Hoffman Estates. (*Id.* ¶¶ 35, 36.) Aldaco went to the Reserve on January 12, 2016, to gain access to the unit. (Dkt. 59, Defendant's Responses to Defendant's Local Rule 56.1 Statement of Facts (Def.'s LR 56.1 Resp.) ¶ 71.) At that time, the Reserve, with Aldaco's permission, requested a criminal background check through the YRS web portal. (*Id.*) The background report showed that she had pled guilty to battery in 1996, which resulted in a sentence of community service as well as a disposition of supervision. (Def.'s LR 56.1 Resp. ¶ 38; *id.* ex. 5.) As a result of this criminal history, the Reserve refused to rent the unit to Aldaco. (*Id.* ¶ 38.)

The Fair Credit Reporting Act (FCRA) prohibits credit reporting agencies from including criminal history older than seven years on a background report. *See* 15 U.S.C. §§ 1681c(a)(2), (5). Convictions, however, are not subject to this time bar and can be reported indefinitely. *Id.* § 1681c(a)(5). Under Illinois law, "[a]t the conclusion of the period of supervision, if the court determines that the defendant has successfully complied with all of the conditions of supervision, the court shall discharge the defendant and enter a judgment dismissing the charges." 730 Ill. Comp. Stat. Ann. 5/5-6-3.1(e). "Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." 730 Ill. Comp. Stat. Ann. 5/5-6-3.1(f). Adalco argues that because she successfully completed her term of supervision, she was never convicted of a crime, and therefore YRS violated the FCRA by including the twenty-year-old criminal history on the background report. YRS moves for summary judgment, claiming that a disposition of supervision is considered a conviction for purposes of the FCRA.

## II. Legal Standard

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). To determine whether a genuine fact issue exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56(c). In doing so, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott* v. *Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007). The court may not weigh conflicting evidence or make credibility determinations. *Omnicare*, 629 F.3d at 704.

The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp.* v. *Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia* v. *Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). If a claim or defense is factually unsupported, it should be disposed of on summary judgment. *Celotex*, 477 U.S. at 323–24.

### III. Analysis

The purpose of the FCRA is to ensure "that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). Under the FCRA, a consumer reporting agency may not report "[c]ivil suits, civil judgments, and records of arrest that, from the date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period," 15 U.S.C. § 1681c(a)(2), or "[a]ny other adverse item of information, other than records of convictions of crimes[,] which antedates the report by more than seven years," *id.* § 1681c(a)(5).

The FCRA does not define the term "conviction." Aldaco, without citing any legal support, argues that the court "should define conviction by looking to the law of the forum in which she received her disposition." (Dkt. 51 at 7.) But "'in the absence of a plain indication to the contrary, . . . Congress when it enacts a statute is not making the application of the federal act dependent on state law.'" *Jansen* v. *Packaging Corp. of Am.*, 123 F.3d 490, 563 (7th Cir. 1997) (Manion, J. concurring in part and dissenting in part), *aff'd sub nom. Burlington Indus., Inc.* v. *Ellerth*, 524 U.S. 742, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998) (quoting *Mississippi Band of Choctaw Indians* v. *Holyfield,* 490 U.S. 30, 43, 109 S.Ct. 1597, 1605, 104 L.Ed.2d 29 (1989)). "One reason for this rule of construction is that federal statutes are generally intended to have uniform nationwide application." *Id.* Accordingly, the court does not look to Illinois law to determine the meaning of "conviction" under the FCRA. *See Cole v. U.S. Capital*, 389 F.3d 719, 726 n.6 (7th Cir. 2004) (rejecting a party's argument that a term in the FRCA should be defined with reference to state law because if the definition of the federal term "varie[d] from state to state based on each state's definition [of the term], Congress' intent that the FCRA have uniform meaning and application among the states would be thwarted").[3]

"The meaning of an undefined term in the FCRA, a federal statute, is a question of Congress' intent." *Id.* at 726. The court therefore looks to the FCRA's plain language and legislative history (not necessarily in that order). *See Hively* v. *Ivy Tech Cmty. Coll. of Indiana*, 853 F.3d 339, 343 (7th Cir. 2017) (citations omitted) ("Much ink has been spilled about the proper way to go about the task of statutory interpretation. One can stick, to the greatest extent possible, to the language enacted by the legislature; one could consult the legislative history that led up to the bill that became law; one could examine later actions of the legislature (*i.e.*, efforts to amend the law and later enactments) for whatever light they may shed; and one could use a combination of these methods.").

Under an earlier version of the FCRA, convictions more than seven years old were not reportable. *See* 15 U.S.C.A. § 1681c(a)(5) (West) (1997) ("Records of arrest, indictment, or conviction of crime which, from date of disposition, release, or parole, antedate the report by more than seven years."). But in 1998, Congress amended the FCRA to allow convictions to be

---

[3] Both parties focus heavily on *McNamara* v. *HireRight Sols., Inc.*, No. 13 C 5215, 2014 WL 321790 (N.D. Ill. Jan. 29, 2014) and *Oses* v. *Corelogic Saferent, LLC*, 171 F. Supp. 3d 775 (N.D. Ill. 2016). The court respectfully disagrees with the reasoning in those decisions to the extent that state law is used to define the parameters of the FCRA.

reported indefinitely. The legislative history shows the intent of the change was to allow "employers [to] have access to critical information [*i.e.*, history of convictions] in order to make informed hiring decisions . . . . Such information is particularly crucial in the hiring process for employers in the area of child or elderly care, school bus driving, and household services . . . . All in all this is a common sense bill designed to protect the public." 144 Cong. Rec. H10218-02, 1998 WL 716421(statement of Rep. Leach). *See also* 144 Cong. Rec. S11638-04, 144 Cong. Rec. S11638-04, 1998 WL 689580 (Statement of Sen. Nichols) ("In addition, this bill also includes a provision that will allow criminal convictions to be reported past 7 years. This information is critical to employers in the areas of child care, education, and household services."). It is fair to infer from this that Congress, when using the term "conviction," was concerned with full disclosure of prior illegal conduct. This is in keeping with the general definition of "conviction": "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty." *Conviction*, Black's Law Dictionary (10th ed. 2014); *cf. United States* v. *Jones*, 448 F.3d 958, 961 (7th Cir. 2006) ("[W]hen a case is dismissed after supervision, the court does not wave a magic wand to erase the defendant's criminal conduct from the time-space continuum.").

Because there is no question that Aldaco pleaded guilty to battery on December 17, 1996, and that an Illinois court found her guilty battery the same day, it must follow that she has been convicted of a crime within the meaning of the FCRA. Therefore, YRS did not violate the FCRA when it reported as much and it is entitled to judgment in its favor.

Date: March 30, 2018

_____
U.S. District Judge Joan H. Lefkow