**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAFAELA ALDACO, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:16-cv-05754 |
| | ) | |
| v. | ) | The Honorable Joan H. Lefkow |
| | ) | |
| RENTGROW, INC. d/b/a/ YARDI | ) | |
| RESIDENT SCREENING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION FOR FINDING OF BAD FAITH**

Pursuant to 15 U.S.C. §§1681n(c) and 1681o(b), Defendant RentGrow, Inc. ("YRS")[1]

respectfully submits this motion for a finding that Plaintiff Rafaela Aldaco ("Plaintiff") brought

the above-captioned action in bad faith and, therefore, that YRS as the prevailing party is entitled

to its reasonable attorneys' fees in defending this action.

As explained more fully in the Memorandum of Law and Local Rule 56.1 Statement of

Undisputed Material Facts submitted with YRS's Motion for Summary Judgment (Dkt. Nos. 36-

37, Plaintiff asserted claims for both negligent and willful violation of the Fair Credit Reporting

Act ("FCRA"), 15 USC § 1681e(b), alleging that YRS failed to use "reasonable procedures to

assure maximum possible accuracy" in reporting a 1996 criminal conviction record. Plaintiff

also claimed that YRS failed to properly re-investigate the criminal background information

following her dispute that the record did not belong to her, in violation of Section 1681i of the

---

[1] Defendant RentGrow, Inc. no longer uses the d/b/a/ Yardi Resident Screening, but for purposes of continuity, Defendant continues to refer to itself as "YRS" throughout this motion and the associated papers.

1

FCRA.

First, at no point did Plaintiff present any evidence of any willful violation, yet Plaintiff refused to withdraw her claims of willfulness. Second, Plaintiff needlessly increased the cost of the litigation through discovery misconduct. Not only were her discovery responses significantly delayed, she offered multiple duplicative witnesses to testify regarding her alleged emotional distress, which she refused to withdraw, thereby obliging YRS to take the depositions of each so as not to be surprised at trial. She also routinely and significantly contradicted her responses to written discovery during her deposition testimony—which her counsel asserted simply was not relevant. Finally, she materially misrepresented several facts—even going so far as to testify to the details of a phone call to YRS she claimed she made when, in fact, another person actually made the phone call while impersonating her.

Pursuant to Section 1681n(c) and 1681o(b), YRS is entitled to recover the attorneys' fees it expended in responding to this bad faith action.[2]

## **FACTUAL BACKGROUND**

Plaintiff Rafaela Aldaco, through her attorneys, filed the instant action against YRS after her application for housing was denied in January 2016 based on a 1996 battery conviction. This Court held that YRS did not violate the FCRA when it reported Ms. Aldaco's conviction and entered judgment in YRS's favor. Before YRS could move for summary judgment, however, YRS had to complete fact discovery. Not only did Plaintiff needlessly increase the cost of discovery, but fact discovery revealed several troubling facts that were known to Plaintiff before

---

[2] Pursuant to Fed. R. Civ. P. 54(d), YRS will be submitting a bill of costs as the prevailing party. To the extent appropriate, YRS also asks that this Court require that counsel for Plaintiff satisfy the excess costs, expenses, and attorneys' fees incurred in defense of this action pursuant to 28 U.S.C. § 1927.

suit was filed. Plaintiff also continued to pursue a willfulness claim long after it became apparent that no such claim was viable.

### A. Pre-Suit Factual Issues

First, Plaintiff provided false information to YRS in her dispute. Specifically, she challenged the record provided to her by YRS initially by stating that the conviction reported was not hers—that, instead, it belonged to her former boyfriend. (Dkt. No. 37, SUF ¶¶ 39-46.) Even after she obtained the official records from the Cook County courts of her battery conviction, which Plaintiff then moved to have expunged (*see* Dkt. No. 41, Request for Judicial Notice), Plaintiff failed to correct the false information previously submitted to YRS and instead filed this lawsuit. (*Id.*)

Additionally, Plaintiff alleged that a YRS representative told her in a phone conversation that her record should never have been reported. (Kunze Decl. ¶ 3, Ex. 1 at 155:6-159:2; Kunze Decl. ¶ 5, Ex. 3, Resp. to Interrogatory No. 2.) YRS, however, located the recording of that call that revealed that Plaintiff *did not place the call herself.* (Kunze Decl. ¶ 12, Ex. 10.) Instead, based on recognition of the voice from deposition testimony, counsel for YRS believes that Rachel Paul of Fellowship Housing Corporation placed the call, impersonating Plaintiff. (*Id.*)

### B. Discovery Misconduct

Plaintiff also needlessly increased the costs of this litigation through her discovery tactics. First, Plaintiff disclosed at least nine persons as witnesses she intended to call at trial that she refused to withdraw, despite repeated requests by YRS. (*See* Kunze Decl. ¶¶ 4, 11, Ex. 2; Kunze Decl. ¶ 14, Ex. 12.) Each of these witnesses testified regarding Plaintiff's alleged damages—information that YRS could only know after taking their depositions since Plaintiff failed to disclose the topics of their testimony pursuant to Fed. R. Civ. P. 26(a)(1). (*Id.*)

3

Plaintiff also needlessly increased the cost of the litigation by failing to provide timely responses to discovery requests and then requiring, on short notice, that YRS re-produce all of its documents in a different format than previously requested. (Kunze Decl. ¶ 7, Ex. 5.) With a relatively short window for fact discovery initially—approximately five months, closing February 28, 2017—the parties exchanged initial disclosures on October 3, 2016, and YRS issued its written discovery requests on November 28, 2016. (Dkt. No. 19, Scheduling Order; *id*.) YRS requested a meet-and-confer regarding the responses, but Plaintiff finally served her responses to those requests on January 23, 2017. (*Id*.) Plaintiff had served her discovery requests a few days earlier on January 18, 2017—and demanded that all responses and responsive documents be produced no later than February 17, 2017. (*Id*.) Eventually, the parties agreed to a two-week extension for both parties to complete discovery. (*Id*.)

At the same time, Plaintiff noticed the deposition of YRS and the investigator of Ms. Aldaco's dispute, which were set for March 7-8, 2017 in Boston, Massachusetts. (Kunze Decl. ¶ 9, Ex. 7.) YRS finalized its responses to written discovery and produced documents, in the format requested by Plaintiff, on February 24, 2017. (*Id*.) Yet the next Friday, March 3, 2017, counsel for Plaintiff notified counsel for YRS that counsel instead needed pdf files. (*Id*.) Because the deposition of YRS's corporate representative had been scheduled in Boston already, YRS simply had no choice but to attempt to re-produce the documents to counsel for Plaintiff as quickly as possible, as rescheduling would have increased costs further. (*Id*.) Ms. Aldaco then cancelled her deposition that was set for March 14, 2017, allegedly because she had to work. (Kunze Decl. ¶ 10, Ex. 8.) Yet her work records show that she called in sick that day. (Kunze Decl. ¶ 13, Ex. 11.)

4

Plaintiff's deposition testimony, and the testimony of other witnesses, also contradicted her written discovery responses, complicating discovery in multiple ways. First, Plaintiff misrepresented the circumstances of the termination of her employment from Window Works—a key component of her claim of damages. (Dkt. No. 1, Compl. ¶ 29; Kunze Decl. ¶¶ 4-5, Exs. 2 and 3, at Resp. Nos. 7-8, 12.) Plaintiff alleged she was terminated because of missed time due to her emotional distress. (*Id.*) Instead, discovery revealed that Plaintiff was terminated from Window Works due to improper use of company resources and violation of company policies regarding commission allocation (in other words, Plaintiff was claiming commissions that should have been paid to other employees). (Kunze Decl. ¶ 15.)

Most troubling, Plaintiff stated in her responses to interrogatories that she had received no medical treatment for the alleged physical symptoms of her emotional distress. (Kunze Decl. ¶ 5, Ex. 3, Resp. No. 11.) Yet during her deposition, she testified that she had received medical treatment for her physical symptoms—but that she did not know her diagnosis, her treatment, the name of her treating physician, or even the city in which the treating physician was located. (Kunze Decl. ¶ 3, Ex. 1 at 92:1-98:19; 101:2-103:13.) When counsel for YRS followed up with counsel for Plaintiff regarding locating the records of her treatment, counsel for Plaintiff responded that no information could be located and that any such information was not relevant, because Plaintiff did not intend to rely on any medical testimony. (Kunze Decl. ¶ 11, Ex. 9.) Because YRS succeeded in its motion for summary judgment, no motions in limine or other requests for relief to remedy this discovery failure were necessary.

**C. Willfulness**

Finally, Plaintiff insisted on continuing her claim that YRS's conduct constitutes a willful violation of the FCRA despite the indisputable facts of this case: namely that YRS has

reasonable policies to ensure compliance with the FCRA, that YRS is entitled to rely on the information provided by the data furnisher (Backgroundchecks.com), and, most importantly, that Ms. Aldaco provided false information in her dispute to YRS as explained above, making it impossible for YRS to have willfully violated the FCRA.

## **ARGUMENT**

Both Sections 1681(n)(c) and 1681o(b) of the FCRA provide that:

> [u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorneys' fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. § 1681(n)(c) (2003); 15 U.S.C. § 1681o(b) (2003). "Bad faith" ordinarily requires a showing either that the party subjectively acted in bad faith—that she proceeded knowing that she had no viable claim—or that she filed an action or paper that was frivolous, unreasonable, or without foundation. *See Ryan v. Trans Union Corp.*, No. 99-C-216, 2001 WL 185182, at *5 (N.D. Ill. Feb. 26, 2002) (Kennelly, J.).

Based on the foregoing facts, Plaintiff pursued this action knowing at minimum that she had no viable claim for willful violation of the FCRA, thereby pursuing her claim in bad faith. Additionally, it is clear from Plaintiff's blatant misstatements and contradictory discovery responses that, at minimum, she sought to obscure the discovery process, forcing YRS to find the truth largely through third-party discovery (if at all).

When awarding attorneys' fees under the FCRA's bad faith provision, the Court in *Lewis v. Trans Union LLC* stated that where the "[p]laintiff was well aware that she was lying when she consulted with [her lawyers] and lying in the allegations against Trans Union in the complaint…imposing attorney's fees under [the FCRA is] entirely appropriate…" No. 04 C

6550, *6 (N.D. Ill. Sept. 29, 2006); *see also Quela v. Payco General American Credits, Inc.,* 2000 WL 1693966, at *7 (N.D. Ill. Nov. 6, 2000) ("Turning a blind eye to false testimony erodes the public's confidence in the outcome of judicial decisions, calls into question the legitimacy of courts, and threatens the entire judicial system."); *Rodriguez v. M & M /Mars,* No. 96 C 1231, 1997 WL 349989, at *2 (N.D. Ill. Jun. 23, 1997) ("Parties who wish to use the judicial system to settle disputes have certain obligations and responsibilities. One of those responsibilities is to tell the truth").

Additionally, Plaintiff unreasonably multiplied the proceedings with her abusive discovery behavior. In evaluating a claim for sanctions under Fed. R. Civ. P. 11's similar standard, the Seventh Circuit held that "[c]ounsel may not drop papers in the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 931-32 (7th Cir. 1989); *see also Quela* 2000 WL 1693966, at *7 ("Given the extreme importance of accurate and truthful discovery, our court system must have zero tolerance for parties who seek to intentionally distort the discovery and trial process"). Plaintiff's refusal to meet deadlines and to provide consistent answers to discovery, along with her disclosure of a parade of witnesses she intended to call at trial regarding only her alleged emotional distress damages, showcases Plaintiff's bad faith in both bringing and maintaining this lawsuit. This Court, respectfully, should not tolerate such conduct.

## CONCLUSION

WHEREFORE, Defendant RentGrow, Inc. d/b/a Yardi Resident Screening respectfully requests that this Court:

(1) enter a finding that Plaintiff brought this action in bad faith and pursued her nonviable claims without sufficient evidentiary support;

(2) amend its judgment dismissing this action to include an award of YRS's reasonable attorneys' fees expended in defense of this bad faith action;

(3) instruct the parties thereafter either to follow the provisions of Local Rule 54.3 regarding a petition for attorneys' fees or, pursuant to Local Rule 54.3(g), instruct the parties as to any modifications regarding any schedule or requirement of Local Rule 54.3; and

(4) grant any further relief deemed just and proper, including requiring counsel for Plaintiff to satisfy the costs, expenses, and attorneys' fees reasonably incurred because of the above conduct, pursuant to 28 § 1927.

Dated: April 13, 2018

Respectfully submitted,

By: /s/ Deanna R. Kunze

**Deanna R. Kunze**
dkunze@nixonpeabody.com
**Patrick Duffey**
pduffey@nixonpeabody.com
**Laura B. Bacon**
lbbacon@nixonpeabody.com
**NIXON PEABODY LLP**
70 West Madison, Suite 3500
Chicago, IL 60602
Tel:    312-977-4400
Fax:    844-560-8137

*Attorneys for Defendant RentGrow, Inc. d/b/a Yardi Resident Screening*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **DEFENDANT'S MOTION FOR FINDING OF BAD FAITH** was filed electronically on this 13th day of April, 2018, in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, this document was served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.9.

*By: /s/ Deanna R. Kunze*