IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAFAELA ALDACO, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:16-cv-05754 |
| v. | ) |
| | ) The Honorable Joan H. Lefkow |
| RENTGROW, INC. d/b/a Yardi Resident Screening, | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF DEANNA R. KUNZE

I, Deanna R. Kunze, do hereby declare and state the following:

1. I am an attorney with the law firm Nixon Peabody LLP, representing Defendant RentGrow, Inc. d/b/a Yardi Resident Screening.

2. I am over 18 years of age, have personal knowledge of all facts attested to herein, and can competently testify to the same.

3. Attached hereto as Exhibit 1 is a true and correct copy of the deposition transcript the deposition transcript of Rafaela Aldaco, taken March 21, 2017.

4. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Initial Disclosures dated October 3, 2016.

5. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's Responses to Defendant's First Set of Interrogatories dated January 23, 2017.

6. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's Requests for Production of Documents to Rentgrow, Inc. dated January 17, 2017.

7.  Attached hereto as Exhibit 5 is a true and correct copy of email correspondence between counsel with a last sent date of January 30, 2017.

8.  Attached hereto as Exhibit 6 is a true and correct copy of email correspondence between counsel with a last sent date of February 15, 2017.

9.  Attached hereto as Exhibit 7 is a true and correct copy of email correspondence between counsel with a last sent date of March 3, 2017. Because the YRS corporate deposition was set in just a few days and travel arrangements already made, I determined as counsel for YRS that accommodating counsel for Plaintiff's request would be more cost-effective (and courteous) than attempting to re-schedule.

10. Attached hereto as Exhibit 8 is a true and correct copy of email correspondence between counsel with a last sent date of March 8, 2017. This correspondence relates to re-setting the date of Plaintiff's deposition. Counsel for Plaintiff requested that the date be re-set during a phone conference with counsel for YRS, on the basis that Plaintiff could not be absent from work on the date previously set, March 14, 2017.

11. Attached hereto as Exhibit 9 is a true and correct copy of email correspondence between counsel with a last sent date of April 20, 2017.

12. An audio recording of a person representing that she is Rafaela Aldaco was produced in this litigation as RG 000509, and will be referred to herein as Exhibit 10.[1] As counsel for YRS, I took the depositions of both Plaintiff and of Rachel Paul, who worked at Fellowship Housing Corporation regarding Plaintiff's application to its program. Based upon my familiarity with the voice of both Plaintiff and Ms. Paul, it is my belief that the voice on RG 000509 is that of Rachel Paul.

---

[1] RG 000509 was produced to counsel for Plaintiff on April 25, 2017. A true and correct copy of the recording of RG 000509 will be delivered to chambers with a courtesy copy of this document and the underlying motion.

13. Attached hereto as Exhibit 11 is a true and correct copy of the time and attendance records for R. Aldaco, Bates labeled CPS 000039-CPS 000042.

14. Attached hereto as Exhibit 12 is a true and correct copy of email correspondence between counsel with a last sent date of March 29, 2017. As counsel for YRS, I previously had requested on multiple occasions to counsel for Plaintiff that Plaintiff reduce the number of witnesses they intended to call at trial in order to reduce costs. This email correspondence represents the last time the issue was raised. Each of these witnesses testified only about the damages, generally the emotional distress, that Plaintiff allegedly suffered.

14. I am informed that during the deposition of the representative from Window Works, that representative testified that Plaintiff had been terminated for problems that included improper use of company resources (she used company credit at a restaurant without authorization) and crediting herself with commissions that should have been assessed to other employees. In order to limit expenses, YRS did not order the transcript from this deposition, as the testimony was not required for summary judgment briefing; the testimony only would have been necessary in preparing for and conducting trial. Should the Court require this transcript for its decision, YRS can order it.

I declare under penalties as provided by law that the statements set forth in this instrument are true and correct.

EXECUTED this 13th day of April, 2018, in Chicago, Illinois.

                               /s/ *Deanna R. Kunze*
                               Deanna R. Kunze

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Declaration of Deanna R. Kunze was filed electronically on this 13th Day of April, 2018, in compliance with the General Order on Electronic Case Filing, Section III(B)(1). As such, this document was served on all counsel who are deemed to have consented to electronic service. Fed. R. Civ. P. 5(b)(2)(E) and Local Rule 5.9.

By: /s/ Deanna R. Kunze