# EXHIBIT 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAFAELA ALDACO, | ) | Civil Action |
| | ) | |
| *Plaintiff,* | ) | Case No. 2016-cv-5754 |
| | ) | |
| v. | ) | Hon. Joan H. Lefkow |
| | ) | Assigned District Judge |
| RENTGROW, INC. d/b/a Yardi Resident Screening, | ) | |
| | ) | Hon. Young B. Kim |
| | ) | Assigned Magistrate Judge |
| *Defendant.* | ) | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO RENTGROW, INC. d/b/a YARDI RESIDENT SCREENING**

TO: DEFENDANT RENTGROW, INC.

PLEASE TAKE NOTICE THAT, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant RENTGROW, INC, ("Rentgrow") is requested and required to respond to the following requests for production within thirty (30) days after service of the same. Rentgrow's responses to these requests are to be directed to Plaintiff's undersigned counsel at the offices of Roger Zamparo, Jr., 2300 Barrington Road, Suite 140, Hoffman Estates, IL 60169.

**INSTRUCTIONS**

1. These requests seek all specified documents in the actual or constructive possession, custody, and/or control of Rentgrow, Rentgrow's attorney(s) and/or agent(s), or which are believed by Rentgrow, Rentrgrow's attorney(s) and/or agent(s) to exist or to have previously existed.

2. These requests are expressly made continuing, requiring additional and supplemental responses when additional documents and/or things come into the possession, custody or control of Rentgrow, Rentgrow's attorney(s) and/or agent(s) until the instant action is terminated.

3. Should Rentgrow object to any request, Rentgrow is requested to specifically, and in detail, state the grounds and reasons for the objection, and to state, in detail, the part of language of the request to which Rentgrow objects, and state which part of the request, if any, Rentgrow is answering.

4. Objection shall be made at trial to the introduction of evidence requested by these requests but not provided.

5. If the document or thing requested herein has been destroyed or discarded or otherwise disposed of, Rentgrow shall set forth in the written response a description of each such document or thing, including its contents, author and addressee, date of disposal, manner of disposal, reason for disposal, and person disposing of the document or thing.

6. Rentgrow may attach a copy of a document to the written response, but the original, if it is in Rentgrow's, Rentgrow's attorney(s) and/or agent(s)' possession, custody or control, must be available for inspection.

7. <u>Requested Format for Production of Electronically Stored Information</u>. Unless otherwise specified in a particular request, electronically stored information should be produced as follows:

    a. <u>Production Media.</u> Produce documents via a secure file transfer mechanism and/or on readily accessible, computer or electronic media as the Parties may hereafter agree upon, including CD–ROM, DVD, or external hard drive (with standard PC compatible interface) (the "Production Media"). Each piece of Production Media should be assigned a production number or other unique identifying label corresponding to the date of the production of documents on the Production Media (e.g. "Renrgrow Production February 1, 2017") as well as the sequence of the material in that production (e.g. "–001", "–002"). For example, if the production comprises document images on three DVDs, you should label each DVD in the following manner "Rentrgrow Production February 1, 2017-001," Rentgrow Production March 1, 2017–002," "Rentgrow Production April 1, 2017–003." Additional information that will be identified on the physical Production Media includes: (1) text referencing that it was produced in this case, i.e. the case name

and case number; and (2) the Bates number range of the materials contained on the Production Media. If any of the documents on the media are confidential, the media shall be so labeled.

Any replacement Production Media will cross-reference the original Production Media and clearly identify that it is a replacement and cross-reference the Bates number range that is being replaced.

      b.    <u>Write Protection and Preservation</u>. All computer media that is capable of write protection should be write protected before production.

      c.    <u>Metadata and Load Files</u>. Documents maintained electronically shall be produced in the format as set forth on Exhibit A, with accompanying information and metadata to be produced as set forth in Exhibit A. Each document produced in .tiff format should have an accompanying load file. All documents, including those produced in native format, should be accompanied by a file produced in .DAT format which contains the information requested on Exhibit A.

      d.    <u>Redactions</u>. Redaction should only be employed where it is necessary to preserve a privilege, or as otherwise agreed by the parties. Documents shall not be redacted to protect confidential information or to prevent the production of irrelevant material which cannot be separated from relevant material. Redacted documents shall be produced as .tiff images, and accompanied by a load file and accompanying information in a .dll file as set forth on Exhibit A.

      e.    <u>De-duplication</u>. The producing party shall not "de-duplicate" any documents prior to production.

      f.    <u>Native Documents:</u> For documents produced in native format, please include a Control Number and a MD5 hash.

8.    <u>Organization and Labeling of Documents</u>. You are requested to "organize and label" documents to correspond to categories in the requests, as provided in Federal Rule of Civil Procedure 34(b)(2)(E)(i), including documents produced in native format.

9.    <u>Privilege Log</u>. For all responsive documents which you contend are privileged, please provide a privilege log identifying the privilege you are asserting and containing sufficient

information to enable Plaintiff to evaluate the claim of privilege. All documents which you contend are subject to attorney-client privilege should include: the date of the communication; the type of document or thing; the date thereof; the name or names of the originator/author thereof; the name of the addressee(s)/recipient(s); the number of pages or other units; the present custodian and location of the document or thing; and a statement regarding the specific grounds on which the claim of privilege rests in order that Plaintiff may have a factual basis to determine whether the asserted privilege applies. For all individuals identified as custodians, originators/authors or addressees/recipients, please state their role, and whether they are an attorney.

## DEFINITIONS

The following definitions shall apply:

1. "Plaintiff" refers to Plaintiff RAFAELA ALDACO.

2. "RENTGROW," "You," or "Your" means Defendant Rentgrow, Inc. d/b/a Yardi Resident Screening.

3. "Background Information" means any information bearing on a person. It includes, but is not limited to, information bearing on a person's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, compliance with any employment standards or hiring guidelines, and also includes personally identifying information, such as name, address, date of birth, and age.

4. "Background Check" means a document containing Background Information.

5. "Communication(s)" means transmitted or conveyed information. Communications may include recorded messages, electronic mail, correspondence, memorandum, or other documents containing the transmittal or exchange of information.

6. "Data" refers to information stored in a database.

7. "Document" is synonymous in meaning and equal in scope to the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

4

8. "Person(s)" means a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

9. "Present" is intended to be an ongoing term. To the extent additional documents become available after the date on which these requests are served, requests referring to the "present" cover those documents.

10. "Relate(d) to" and "relating to" mean having any connection with the topic of the request or having some logical or causal connection between the information and the topic of the request.

11. "State" means to declare, articulate, resolve, identify and/or describe.

12. "Statement" shall have the same definition as set forth in Rule 26 of the Federal Rules of Civil Procedure and includes, but is not limited to, a written statement or signed or otherwise adopted or approved by the person making it, and/or a stenographic, mechanical, electrical and/or other recording or transcription thereof, which is substantially a verbatim recital of an oral statement by the person making it.

13. All terms in **bold** have the same meaning as they do in the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq.* ("FCRA").

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1.** All documents concerning Plaintiff, including Plaintiff's entire consumer file.

**REQUEST NO. 2.** All documents concerning the sources of information in Plaintiff's "Resident Screening Exec" report that You issued to IVC Hoff Real Estates Ventures, LLC or any other entity, including any contracts or other agreements with the sources of information in Plaintiff's Background Check.

**REQUEST NO. 3.** All documents and/or contracts which identify the cost or price of public records information that You use in Your Background Checks.

**REQUEST NO. 4.** Any documents which contain, memorialize, or describe certifications provided to You by IVC Hoff Real Estates Ventures, LLC pursuant to 15 U.S.C. § 1681b(b)(1).

**REQUEST NO. 5.** All contracts or other agreements that You have with IVC Hoff Real Estates Ventures, LLC.

**REQUEST NO. 6.** The standard portions of Rentgrow's agreements with its customers which pertain to the criminal background information to be **furnished.**

**REQUEST NO. 7.** All documents demonstrating Rentgrow's reinvestigation of Plaintiff's dispute.

**REQUEST NO. 8.** All communications with IVC Hoff Real Estates Ventures, LLC with regarding compliance with the FCRA.

**REQUEST NO. 9.** All documents that contain any policies and/or procedures with respect to Your compliance with 15 U.S.C. § 1681e(b), including those policies and/or procedures for ensuring that criminal information is reported accurately.

**REQUEST NO. 10.** All documents which pertain to Your evaluation of compliance with the policies and/or procedures referenced in Request No. 9.

**REQUEST NO. 11.** All documents that contain any policies and/or procedures with respect to Your compliance with 15 U.S.C. § 1681i.

**REQUEST NO. 12.** All documents which pertain to Your evaluation of compliance with the policies and/or procedures referenced in Request No 11.

**REQUEST NO. 13.** All documents setting forth any legal advice You have received regarding Your compliance with 15 U.S.C. § 1681e(b), or that evidence any interpretation of that provision.

**REQUEST NO. 14.** All documents setting forth any legal advice You have received regarding Your compliance with 15 U.S.C. § 1681i, or that evidence any interpretation of that provision.

**REQUEST NO. 15.** All contracts or agreements between You and any vendor or agent which conducts reinvestigations into consumer disputes on Your behalf from the past five (5) years.

**REQUEST NO. 16.** All documents identifying and/or referring to the matching criteria and/or

6

the minimum identifying information (e.g., full name, full date of birth, full address, full social security number, etc.) that You require Your customers, subscribers or third parties to provide before You sell a Background Check.

**REQUEST NO. 17.** All documents identifying and/or referring to the matching criteria and/or the minimum identifying information (e.g., full name, full date of birth, full address, full social security number, etc.) that You require from a **consumer**, such as Plaintiff, before You **furnish** that **consumer** with a copy of their file.

**REQUEST NO. 18.** All documents concerning the number of consumer complaints or communications that You had reported information that was inaccurate about a **consumer** on their Background Check for the previous five (5) years.

**REQUEST NO. 19.** All documents concerning lawsuits brought against You or any predecessor entity for violating the FCRA in the previous five (5) years pertaining to criminal background information.

**REQUEST NO. 20.** All documents concerning Your procedures to correct the inaccurate reporting of one **consumer**'s information on his/her Background Check.

**REQUEST NO. 21.** All documents concerning the criminal cases listed on Plaintiff's Background Check.

**REQUEST NO. 22.** All documents concerning Your investigation into Plaintiff's dispute of the information in his Background Check or TSR.

**REQUEST NO. 23.** All documents sent to Plaintiff by You.

**REQUEST NO. 24.** All documents sent to You by Plaintiff.

**REQUEST NO. 25.** All documents relating or referring to any communications between You and Plaintiff.

**REQUEST NO. 26.** All documents referencing communications between You and any entity which in any way references Plaintiff.

**REQUEST NO. 27.** All audit trails of any and all document(s), databases, consumer files, computer(s), or other data held by You which, in any degree, address or discuss the Plaintiff.

**REQUEST NO. 28.** Any documents used by You to train or educate any of Your employees on the requirements of the FCRA.

**REQUEST NO. 29.** Copies of all of Your quarterly profit and loss statements for the past three (3) years.

**REQUEST NO. 30.** Copies of all of Your current balance sheets and financial statements, including any annual reports.

**REQUEST NO. 31.** Any document concerning the amount of Your net worth as of December 31, 2015 and all documents upon which such determination was made.

**REQUEST NO. 32.** All documents relating to any review of Your operations regarding compliance with the FCRA conducted either internally or by a third party in the last three years.

**REQUEST NO. 33.** All documents that constitute, refer or relate to communication between You and any industry group, including (but not limited to) communications between You and the Consumer Data Industry Association or the National Association of Professional Background Screeners, regarding compliance with 15 U.S.C. § 1681e(b) or § 1681i, including any reports, newsletters, updates or any other written communication.

**REQUEST NO. 34.** All flow charts, organizational charts, or other documents that show Your process for creating Background Checks.

**REQUEST NO. 35.** All flow charts, organizational charts, or other documents that show the identities of the personnel responsible for training, compliance, and setting policies with respect to complying with the provisions of the FCRA at issue in this lawsuit.

**REQUEST NO. 36.** Any documents which describe any data loss or lost data related to Plaintiff or the events alleged in the Complaint.

**REQUEST NO. 37.** All documents that include information on the maintenance of data in any databases that You have consulted or referred to in the preparation of responses to any of these Requests, including but not limited to all documents relating to the storage procedures and data preservation practices employed with respect to such databases including, but not limited to, information on whether and how such databases are maintained, backed up, accessed, and

otherwise kept.

**REQUEST NO. 38.** All statements of witnesses or potential witnesses or persons interviewed in connection with this action, including experts.

**REQUEST NO. 39.** All documents containing, identifying or describing any communications between You and any other entity or individual concerning this lawsuit. This request includes, but is not limited to, communications concerning Plaintiff.

**REQUEST NO. 40.** All documents including, but not limited to, contracts, agreements, letters, emails, reports, memoranda, correspondence, receipts, bills, marketing materials, manuals, or guidelines that concern in any way the substance or allegations contained in Plaintiff's Complaint and/or Your Answer.

**REQUEST NO. 41.** All documents that may be offered into evidence at trial or depositions or that may be used to refresh the recollection of a witness at depositions or trial or that may be used in motion practice in this case.

**REQUEST NO. 42.** All documents obtained as a result of releases and/or subpoenas concerning this case.

**REQUEST NO. 43.** All documents that You rely upon to support Your affirmative defenses.

**REQUEST NO. 44.** All insurance agreements under which an insurance company may be liable in whole or in part for a judgment in this matter, or may be responsible to indemnify or reimburse for payments made to satisfy such a judgment.

**REQUEST NO. 45.** Any reservation of rights letters or other correspondence You have received from any insurer who may be liable in whole or in part for a judgment in this matter, or may be responsible to indemnify or reimburse for payments made to satisfy such a judgment.

**REQUEST NO. 46.** All documents which demonstrate Your relationship to any other corporation or individual which/who would be liable in whole or in part for a judgment in this matter, or may be responsible to indemnify or reimburse You for payments made to satisfy such a judgment.

**REQUEST NO. 47.** Documents which demonstrate any and all interactions between Rentgrow

and any regulatory or enforcement authority, including but not limited to the CFPB and the FTC, which pertains to Rentgrow's compliance with the provisions of the FCRA which are at issue in this case.

**REQUEST NO. 48.** All documents which demonstrate the number of disputes Rentgrow received each year for the prior five years, wherein a consumer alleged that information regarding criminal convictions was inaccurate, and the number of those disputes that, upon reinvestigation, Rentgrow found to require an amendment to the original report.

DATED: January 17, 2017            ZAMPARO LAW GROUP, P.C.

           By:    */s/Roger Zamparo, Jr.*
                     Roger Zamparo, Jr.
                     2300 Barrington Road, Suite 140
                     Hoffman Estates, IL 60169
                     (224) 875-3202 (t)
                     (312) 276-4950 (f)
                     roger@zamparolaw.com

## **CERTIFICATE OF SERVICE**

Roger Zamparo, Jr., an attorney, certifies that on the date indicated, he served the foregoing PLAINTIFF'S Request to Produce upon the following counsel, via electronic mail:

Deanna R. Kunze, Esq.
Patrick Duffey, Esq.
NIXON PEABODY LLP
70 W. Madison Street, Suite 3500
Chicago, Illinois 60602
dkunze@nixonpeabody.com
pduffey@nixonpeabody.com

DATED:     January 17, 2017                 /s/*Roger Zamparo, Jr.*
                                            Roger Zamparo, Jr.